Argued and submitted October 27, remanded in part for reconsideration; otherwise affirmed December 8, 1993

STATE OF OREGON,
*Respondent,*

*v.*

DAVID SCOTT ARMSTRONG,
*Appellant.*

(92CR310; CA A77014)

864 P2d 1339

David E. Groom, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of possession of a controlled substance and delivery of a controlled substance. ORS 475.992. He was placed on probation and, as a condition of probation, was ordered to reimburse the state for court-appointed attorney fees. The court calculated the fees to be $640, apparently based on sixteen hours of work at $40 per hour. Defense counsel objected to this amount on the ground that it was improper to impose fees in an amount more than counsel was actually to be paid. Defendant's counsel had a contract with the state and, under that contract, apparently would not be paid $640.

On appeal, defendant argues that the trial court erred in requiring him to pay attorney fees in excess of the amount actually paid by the state for his defense. The state concedes that a sentencing court may not impose fees that exceed the amount that defendant's court-appointed counsel was paid. We accept the state's concession. *State v. Weaver*, 118 Or App 494, 847 P2d 416 (1993). The record shows that defense counsel spent sixteen hours on the case, but there is no evidence as to the amount that counsel was paid. Accordingly, we remand for further proceedings to determine the amount paid by the state to defendant's counsel in this case.

Remanded for reconsideration of probation condition requiring payment of attorney fees; otherwise affirmed.